**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SIR EZELL WILKINS,<br>Plaintiff, | )<br>)<br>) | No. 02 C 9232 |
| | ) | |
| v. | )<br>) | Judge Shadur |
| | ) | |
| RIVEREDGE HOSPITAL,<br>Defendant. | )<br>)<br>) | Magistrate Judge Keys |

DOCKETED

NOV 2 1 2003

FILED

NOV 2 0 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>NOTICE OF FILING</u>

TO:  Andrew M. Hale
      Silvia Mercado Masters
      Rock, Fusco & Garvey, Ltd.
      350 N. LaSalle St., Suite 900
      Chicago, Illinois 60610

PLEASE TAKE NOTICE that on November 20, 2003, the undersigned filed in the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the foregoing **Defendant's Response to Plaintiff's Motion to Quash Subpoena Duces Tecum**, a copy of which is hereby served upon you.

Respectfully submitted,

RIVEREDGE HOSPITAL

By:   _____
                One of Its Attorneys

Alan S. King, Esq.
Mario E. Utreras, Esq.
GARDNER CARTON & DOUGLAS LLC
191 North Wacker Dr., Suite 3700
Chicago, IL 60606
(312) 569-1000
Atty. No.: 06198223/06230426

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SIR EZELL WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 9232 |
| | ) | |
| vs. | ) | Judge Shadur |
| | ) | |
| RIVEREDGE HOSPITAL, | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

DOCKETED
NOV 2 1 2003

FILED
NOV 2 0 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM

Defendant, Riveredge Hospital ("Defendant"), by and through its attorneys, GARDNER

CARTON & DOUGLAS LLP, in response to Plaintiff's Motion to Quash Subpoena Duces

Tecum ("Motion to Quash"), state as follows:

1.     On November 13, 2003, Plaintiff filed his Motion to Quash seeking to quash

subpoenas served by Defendant on three employers for whom Plaintiff worked prior to and/or

concurrently with his employment by Defendant. A copy of Plaintiff's Motion to Quash and the

subject subpoenas are attached hereto as Exhibit 1.

2.     In response to the Motion to Quash, on November 18, 2003, counsel for

Defendant sent a letter to Plaintiff's counsel setting forth Defendant's contentions as to why the

subject subpoenas seek information that is relevant and are reasonably calculated to lead to the

discovery of admissible evidence, but in the spirit of cooperation nevertheless agreeing to

significantly limit the scope of the subpoenas. A copy of the November 18 letter is attached

hereto as Exhibit 2, and is expressly incorporated by reference herein as part of Defendant's

response to the Motion to Quash.

23

3.      On November 19, 2003, Plaintiff's counsel contacted Defendant's counsel and indicated that he (Plaintiff's counsel) was considering the position advanced by Defendant's counsel in the November 18 letter, but that Plaintiff's counsel might not be able to respond prior to the presentation of the Motion to Quash, which is noticed for Friday, November 21, 2003 at 9:15 a.m. Defendant's counsel remains hopeful that the parties can reach an accord on these issues without need of the Court's intervention.

4.      For the reasons set forth in Defendant's counsel's November 18, 2003 letter, Defendant maintains that the subject subpoenas seek information that is relevant and are reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, Defendant is agreeable to limiting the subpoenas as set forth in the November 18 letter.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court enter an Order denying the Motion to Quash, directing the subjects of the subpoenas to produce the limited documents described below, and granting Defendant such other and further relief as the Court deems just and equitable under the circumstances:

    (a)    Hartgrove Hospital and the Illinois Department of Children and Family Services shall produce documents responsive to paragraphs 1 and 3 of the Attachment to the subpoena (excluding any medical documentation); and

    (b)    Michael Reese Medical Center shall produce documents responsive to paragraphs 1 through 5 of the Attachment to the subpoena (excluding any medical documentation).

Respectfully submitted,

RIVEREDGE HOSPITAL

By: _____
                One of Its Attorneys

Alan S. King, Esq.
Mario E. Utreras, Esq.
GARDNER CARTON & DOUGLAS LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
(312) 569-1000
Atty. No.: 06198223/06230426

*CH02/22275645.1*

3

# SEE CASE FILE FOR EXHIBITS